CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 14 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ALVINA ROTH | ) | |
| Plaintiff, | ) | Civil Action No. 5:05CV00006 |
| v. | ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, Commissioner of Social Security | ) | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Alvina Roth, was born on August 19, 1954. Ms. Roth earned a Bachelor of Science degree at Eastern Mennonite College. She has worked as a charge nurse, vocational nurse, senior clinical data coordinator, registered nurse, rehabilitation specialist, and office

1

manager. She last worked on a regular basis in 2001. On July 11, 2002, Ms. Roth filed an application for disability insurance benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on May 1, 2001, due to multiple impairments. Ms. Roth now maintains that she has remained disabled to the present time. The record reflects that plaintiff met the insured status requirements of the Act through the fourth quarter of 2003 but not thereafter. See generally, 42 U.S.C. §§ 414 and 423. Consequently, Ms. Roth is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2003. See generally, 42 U.S.C. § 423.

Ms. Roth's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated September 24, 2004, the Law Judge determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers from fibromyalgia. The Law Judge further determined that while Ms. Roth's impairments are severe within the meaning of the administrative regulations, they do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. See 20 C.F.R. § 404.1520(d). The Law Judge concluded that Ms. Roth retains the residual functional capacity to perform work that includes lifting and carrying twenty pounds occasionally and ten pounds frequently; standing and walking six hours in an eight-hour work day; sitting six hours in an eight-hour work day; and occasional climbing, balancing, stooping, kneeling, crouching and crawling. Given such a residual functional capacity, the Law Judge held that plaintiff is capable of returning to her past work as an occupational nurse and an office nurse. Accordingly, the Law Judge concluded that Ms. Roth is not disabled, and therefore

2

she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(e). Plaintiff then filed a request for review with the Social Security Administration's Appeals Council. On November 26, 2004, the Appeals Council denied plaintiff's request and adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, the plaintiff now appeals to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether the plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) the subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The Law Judge's opinion reflects a thorough evaluation of Ms. Roth's medical problems and the extent to which they limit her ability to work. The Law Judge carefully considered the plaintiff's subjective statements and the extent to which they were supported by and consistent with the medical records. Although Ms. Roth has fibromyalgia, the objective medical evidence and the medical opinions on record support the Law Judge's determination that this condition does not preclude all substantial gainful activity. The record supports the Law Judge's finding that the plaintiff retains the residual functional capacity for the lighter work activities plaintiff previously performed as a

3

nurse.

In deciding that Ms. Roth is not totally disabled, the Law Judge discredited her allegations regarding her physical limitations. The Law Judge emphasized that the claimant's allegations regarding her limitations and their impact on her ability to work are out of proportion to the objective medical evidence and inconsistent with the information she provided on her daily activities questionnaire. Medical examinations have shown no musculoskeletal or neurological abnormalities, and have shown improvement with treatment. (T.R. 208, 222, 248, 271, 287, 296, 317). Ms. Roth reported on the questionnaire that she could work around the house by cleaning up the kitchen, watering plants, preparing meals, and doing laundry. (T.R. 108-110). Ms. Roth also reported that she likes to read and bird-watch and can walk for fifteen minutes at a time. (T.R. 110). Subsequently, Ms. Roth told the medical consultant that she can stand for four hours out of an eight-hour day, walk one mile on her good days, sit for one hour, and drive. (T.R. 315). Ms. Roth also indicated that she enjoys flowering and could do this for an hour each day. (T.R. 315). Upon reviewing the record, the court finds that the Law Judge's decision to discredit Ms. Roth's allegations is supported by substantial evidence.

Plaintiff's medical records reveal an extensive history of examinations for a variety of symptoms, ranging from excessive sleepiness and constant pain to depression. On October 23, 2001, Dr. Robert B. Hanson examined Ms. Roth after she complained of widespread axial pain. (T.R. 171). He diagnosed Ms. Roth with fibromyalgia, with a co-morbidity of depression. (T.R. 171). He also identified "associated sleep and GI problems," including restless legs/periodic limb movements of sleep. (T.R. 171). Dr. Hanson suggested treatment by moderate doses of long-acting narcotics, and determined that Ms. Roth could be gainfully employed, with reduced

hours and working during the daytime. (T.R. 171).

Dr. William F. Cale examined the plaintiff on February 15, 2002, March 22, 2002, April 16, 2002, and May 22, 2002. (T.R. 207-217). The plaintiff had complained of "excessive daytime sleepiness." (T.R. 213). Dr. Cale performed physical and neurological tests and diagnosed Ms. Roth with central sleep apnea. (T.R. 207-208).

On March 21, 2002, Dr. Jack L. Wright recognized that Ms. Roth's pain was "moderately well controlled," and that she was generally doing better than she had been one year earlier. (T.R. 182). He was concerned about worsening of her balance problems, however. (T.R. 182). On October 11, 2002, Dr. Wright observed that Ms. Roth had made "remarkable progress" since her physical therapy had begun, and could perform more household chores and was able to decrease her medications. (T.R. 296).

Dr. Anne Bacon evaluated Ms. Roth on September 12, 2002, for joint and muscle aches. (T.R. 250). At that time, plaintiff reported that her quality of life was better and that she was able to do more things for herself around the house. (T.R. 250). Dr. Bacon also evaluated Ms. Roth on October 17, 2002, and found that the plaintiff was "doing much better," and was even able to drive. (T.R. 248). By January 23, 2003, when Dr. Bacon again examined the plaintiff, Ms. Roth reported that her symptoms had worsened due to the weather, moving, and the end of her physical therapy. (T.R. 246).

In July 2003, Dr. Wright described Ms. Roth's condition as "fairly stable," saying that she had good days and bad. (T.R. 281). He agreed that she could be tapered off of Effexor for depression, and said that her fibromyalgia showed slow but steady improvement. (T.R. 281, 287).

5

Ms. Roth was referred to Dr. Kimberly Salata for an independent medical examination on August 7, 2003. (T.R. 266). At that time, Ms. Roth complained of constant pain, but described the pain as "manageable with medications." (T.R. 269). Ms. Roth also described her condition as "gradually improving." (T.R. 269). Dr. Salata concluded that Ms. Roth had no neurological or musculoskeletal abnormalities, but diagnosed her with fibromyalgia, sleep disturbance, depression, and central sleep apnea. (T.R. 270). She did find, however, that the plaintiff's conditions seemed significantly improved, based upon her medical history. (T.R. 271). Dr. Bacon recommended conservative management of oral medications with periodic massage therapy. (T.R. 271).

Dr. Constantia A. Abarikwu prescribed Microdose Therapy on November 10, 2003, for pain management. (T.R. 277). The therapy lasted three to four weeks. (T.R. 277).

Dr. S. Malcom performed a medical assessment of Ms. Roth's ability to do work-related activities on February 24, 2004. (T.R. 309-314). According to the assessment, Ms. Roth could lift and carry ten pounds occasionally, stand one to two hours in an eight-hour work day, sit eight hours in an eight-hour work day, and could occasionally climb, stoop, and push/pull. (T.R. 309-310). Dr. Malcom found that Ms. Roth had fibromyalgia and chronic fatigue syndrome and that Ms. Roth had made "significant improvement" on low-dose steroid therapy. (T.R. 314). Based on these findings, Dr. Malcom concluded that Ms. Roth was totally disabled for all work activity. (T.R. 312).

Dr. Minh Hoang Nguyen completed a consultive examination of Ms. Roth on June 26, 2004, and concluded that Ms. Roth had fibromyalgia and chronic fatigue syndrome. (T.R. 315, 317). Dr. Nguyen found normal musculoskeletal and neurological results, and determined that

Ms. Roth's standing, walking, and sitting were not limited by her condition. (T.R. 321-322).

In deciding that Ms. Roth can perform work at the light exertional level, the Law Judge accorded minimal weight to the opinion of Dr. Malcom. (T.R. 23). The Law Judge rejected Dr. Malcom's opinion that Ms. Roth was "totally disabled from any work activity." (T.R. 23). As the Law Judge pointed out, Dr. Malcom's opinion is not supported by his own assessments of the plaintiff's limitations. Dr. Malcom indicated that Ms. Roth could lift and carry ten pounds occasionally, stand one to two hours in an eight-hour work day, sit eight hours in an eight-hour work day, and could occasionally climb, stoop, and push/pull. (T.R. 309-310). This evaluation does not provide sufficient objective evidence to support his opinion that Ms. Roth was totally disabled. Therefore, the court finds that the Law Judge's decision to discount Dr. Malcom's opinion is supported by the record and in accordance with Social Security Regulations. See 20 C.F.R. § 404.1527(d); see also 20 C.F.R. § 404.1527(e)(1).

Based on this review of the record, the court concludes that the Commissioner's final decision is supported by substantial evidence. The Law Judge's opinion, which was adopted by the Commissioner, demonstrates a thorough review of plaintiff's medical record, including the opinion of her treating physician, plaintiff's subjective complaints, and the extent to which such complaints are consistent with the objective medical evidence. The occupational limitations imposed by the Law Judge are consistent with the objective medical evidence and the opinion of Dr. Nguyen and the medical evidence of Dr. Malcom. Therefore, the record supports the Commissioner's determination that the plaintiff retains the capacity to perform light and sedentary work, and that she can therefore return to her past work as a nurse.

Having found substantial evidence to support the Commissioner's determination that the

plaintiff is not disabled, the court concludes that the Commissioner's final decision must be affirmed. In affirming the Commissioner's decision, the court does not suggest that the plaintiff is totally free of symptoms related to her fibromyalgia, sleep disturbance, and depression. However, there is substantial evidence to support the Law Judge's opinion that plaintiff can perform certain light work roles. It must be recognized that the inability to work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996). It appears to the court that the Administrative Law Judge gave full consideration to all the subjective factors in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolutions of conflicts in the evidence are a matter within the province of the Commissioner, even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 14th day of September, 2005.

_Glen E. Conrad_

United States District Judge